UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

JOHN FORST and CHRISTINE HOPKINS

Plaintiffs,

v().

TRAVELERS HOME AND MARINE
INSURANCE COMPANY

Defendant.

CAUSE NO. 1:21-CV-227 DRL

OPINION AND ORDER

John Forst and Christine Hopkins seek to exclude the testimony of Travelers Home and Marine Insurance Company's opinion witness, Richard Rambacher, under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). The court grants the motion in pertinent part.

STANDARD

A witness may testify in the form of an expert opinion when (1) the witness is "qualified as an expert by knowledge, skill, expertise, training, or education;" (2) the testimony is "based on sufficient facts or data;" (3) the testimony is "the product of reliable principles and methods;" and (4) the witness has "reliably applied the principles and methods to the facts of the case" in such a way that the testimony will "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Although analysis under Rule 702 always remains flexible, *Daubert*, 509 U.S. at 594, the fundamental considerations of what makes expert opinion admissible are well understood, *see Constructora Mi Casita, S de R.L. de C.V. v. NIBCO, Inc.*, 448 F. Supp.3d 965, 970-71 (N.D. Ind. 2020).

In short, the Federal Rules of Evidence strike a balance between two competing concerns: apprehension of the free-for-all admission of unreliable theories that might baffle juries and a "stifling and repressive scientific orthodoxy" that might inhibit new truths or legitimate cases. *Daubert*, 509 U.S. at 596. While preserving that balance, the *Daubert* analysis is not a substitute for crossexamination,

contrary and compelling evidence, thoughtful jury instructions, and other methods inherent in federal trials to challenge shaky evidence. *Id.*; *see also Stollings v. Ryobi Techs., Inc.*, 725 F.3d 753, 766 (7th Cir. 2013). The proponent of expert testimony must establish its admissibility by a preponderance of the evidence. *Varlen Corp. v. Liberty Mut. Ins. Co.*, 924 F.3d 456, 459 (7th Cir. 2019).

The court needn't conduct an evidentiary hearing here. No party has requested one. The briefing, proffered expert report, records from the claim's adjustment, exhibits, and deposition testimony also permit the court to rule. *See, e.g., Kirstein v. Parks Corp.*, 159 F.3d 1065, 1067 (7th Cir. 1998); *Target Mkt. Publ'g, Inc. v. ADVO, Inc.*, 136 F.3d 1139, 1143 n.3 (7th Cir. 1998).

DISCUSSION

John Forst and Christine Hopkins own a home in Huntertown, Indiana. While they were on vacation, a friend discovered water and mold damage in their home. The homeowners filed a claim with Travelers as their insurer. Travelers denied coverage. The homeowners pursued contract and bad faith claims—and only the contract claim remains for trial.

Travelers originally hired Richard Rambacher—a 40-year veteran professional engineer, registered in eight states, with experience in most phases of new construction and capital projects—on March 22, 2021 in the course of the company's coverage determination. He earned a bachelors degree in mechanical engineering from Cleveland State University. In his 40 years since, he has designed, tested, and investigated HVAC systems, including cases of water damage [63-2]. He served as president of the De Soto Manufacturing Facility of Engineered Air for 25 years, and before that as vice-president of operations in the Applied Air Division of Mestek, Inc. He has published articles on HVAC systems.

Travelers initially consulted Mr. Rambacher about a report the company received from its forensic engineer (Eric Bates) from Nederveld, Inc. [58-9]. Nederveld inspected the home, found no issues with the furnace or humidifier, and found no leaks in the home. Nederveld reported a problem with the drywall fasteners—they had been spaced incorrectly, out of conformance with general standards for installation.

In its view, this caused the ceiling panel to fall, which then affected the furnace's ability to control the humidity in the home and caused the home's water damage and mold growth.

Mr. Rambacher reportedly offered a different theory. Although, according to him, he formed no opinions back then, Travelers says he postulated that the ceiling's collapse was likely an effect of the mold problem, not its cause. This theory presupposed that high humidity caused the ceiling panel to become saturated and fall—and that this high humidity originated from the Aprilaire humidifier being set at 35 percent (rather than 0 percent), contrary to the product's instructions. Little did he know, because he had not inspected the humidifier, that the Aprilaire system had been bypassed and thus controlled nothing.

The debate here is a bit of an odd duck. On review, the parties seem to be debating a theory that Mr. Rambacher has no intention of offering. Whatever theory he may have once had or shared with Travelers in 2021 about the HVAC system and its relationship to humidity and mold growth, he apparently has no plans to offer that opinion today.

For instance, his report (dated November 21, 2022) preserves no opinion about the HVAC system or the cause of the humidity or water intrusion into the home. His only opinion is that it would have taken 100 to 150 days for the mold to grow to the size and distribution seen in March 2021 [66-15].[1] His earlier deposition (August 16, 2022) too confirms he has no opinion on the matter [69-2 Tr. 14-15, 21-22]. No other opinion having been disclosed except what appears in his report, the court excludes it. *See* Fed. R. Civ. P. 26(a)(2)(B); *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 641-42 (7th Cir. 2008) (barring opinion not disclosed by proposed expert). There is no argument for Rule 37 allowance.

In addition, no such opinion would be on this record reliable or helpful. Expert opinions must be reliable and helpful. *Daubert*, 509 U.S. at 591, 597. Travelers points to Mr. Rambacher's credentials, but credentials alone aren't enough. *See Clark v. Takata Corp.*, 192 F.3d 750, 759 n.5 (7th Cir. 1999). Any

---

[1] Mr. Rambacher notes in his report that Nederveld found no operational issue with the humidifier, but on this record he proposes to offer no opinion of his own on the matter. The homeowners have not challenged his mold opinion.

3

such theory lacks a sufficient factual basis. Any such theory lacks any real methodology or validation. *See* Fed. R. Evid. 702. As it concerns his 2021 conversations with Travelers, Mr. Rambacher admits he "never came up with an opinion or a conclusion," that certain things only "could cause a problem," and that he "[didn't] know what caused the problem" because he "never did an analysis, never visited the site."

By definition, any such theory also fails to fit this case—not least because he only offered then a theory of what "could" cause a problem. To reach a coverage decision here, the jury must answer the question of proximate causation, not a question of theoretical causes. His old theory thus fails to fit the case today. *See Daubert*, 509 U.S. at 591, 593; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999). Introducing this early theory as expert opinion would invite the jury to speculate rather than aid its factfinding mission. *See* Fed. R. Evid. 403, 702; *Daubert*, 509 U.S. at 590 (expert opinion cannot be based on "subjective belief or unsupported speculation"); *Logan v. City of South Bend*, 564 F. Supp.3d 719, 733 (N.D. Ind. 2021) ("the law won't permit juries to speculate").

That leaves a question unanswered by today's briefing—and, in fairness, a question better left to final pretrial motions with the summary judgment ruling in hand. "A witness can qualify as both a fact and expert witness[.]" *United States v. Christian*, 673 F.3d 702, 708 (7th Cir. 2012). The distinction between expert and lay testimony can be unclear when a witness with specialized knowledge was also personally involved in investigating the facts. *Id.* at 709. Dual-role testimony is permitted, though the court is careful to monitor and to warn of the inherent risks of such testimony, including the risk of confusing the jury and the risk that the jury may unduly credit such testimony. *See United States v. Thomas*, 970 F.3d 809, 814 (7th Cir. 2020); *United States v. Jett*, 908 F.3d 252, 267 (7th Cir. 2018).

In short, the court excludes this earlier theory to the extent Travelers wants to introduce it as Rule 702 opinion. The court will not decide whether any factual testimony from Mr. Rambacher, if fairly that, yet bears on this trial after today's summary judgment ruling—a subject best reserved for a motion

*in limine* or objection at trial. Today's motion to exclude only concerns whether his earlier 2021 theory can be offered under Rule 702, and it cannot.

## CONCLUSION

Accordingly, the court GRANTS the motion to exclude Mr. Rambacher's testimony regarding the HVAC system and causation of humidity and water intrusion insofar as it has been presented [62]. Left unchallenged, he may still testify as to the opinions in his report otherwise, though of note he offers no opinion about the cause of the humidity and water intrusion, only the variable sources needed to promote the extent of the mold growth.

SO ORDERED.

September 29, 2023
*s/ Damon R. Leichty*
Judge, United States District Court